

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-86,764-01

### EX PARTE JOHN EDWARD HOLMES, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS CAUSE NO. CR39464A IN THE 142ND DISTRICT COURT FROM MIDLAND COUNTY

*Per curiam*.

### O R D E R

A jury convicted Applicant of sexual assault and sentenced him to fifteen years' imprisonment. The appellate Court affirmed. *Holmes v. State*, No. 11-14-00143-CR (Tex. App.—Eastland del. Aug. 21, 2015). On May 17, 2017, this Court denied Applicant's initial habeas application (the -01 writ), which attacked the merits of the conviction, based on the findings of the trial court without a hearing. *See* TEX. CODE CRIM. PROC. art. 11.07.

On January 6, 2022, this Court received a second habeas application (the -02 writ). It alleged that there was prosecutorial misconduct in the review of Applicant's initial -01 habeas application. Indeed, it has been determined that former Midland County assistant district attorney Ralph Petty was paid by the district court judges of that county to work on habeas applications pending in the

district courts, including Applicant's -01 habeas application, at the same time Petty was employed as an appellate prosecutor by the Midland County District Attorney's Office. *See Ex parte Young*, No. WR-65,137-05, at *5 (Tex. Crim. App. Sept. 22, 2021) (discussing the matter). That dual employment was not disclosed to this Court or to Applicant at the time his -01 habeas application was under consideration.

It does not appear that Petty's dual employment affected the pre-trial, trial, or appellate proceedings in Applicant's case. However, the undisclosed employment relationship leads this Court to conclude that Applicant was deprived of his due process rights to fair consideration of his claims in the initial -01 habeas application.

Therefore, this Court now reconsiders, on its own motion, the initial -01 habeas claims. After an independent review of the record, without consideration of the trial court's findings of fact and conclusions of law, this Court believes that Applicant's claims are refuted by the record.

Therefore, after reconsideration on this Court's own motion, relief is denied in cause number WR-86,764-01. Applicant's subsequent habeas application, cause number WR-86,764-02, is dismissed.

Filed: 12/14/2022
Do not publish